## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

UNITED STATES,          )
                       )
     vs.              )     **CASE NO. 2:07-CR-0077-SLB-JHE**
                       )
JAMILLE DION POPE,     )
                       )
     Defendant.      )

## MEMORANDUM OPINION AND ORDER

This case is presently pending before the court on defendant's Time Sensitive Motion for an Amended Judgment Pursuant to the First Step Act of 2018. (Doc. 41.) Defendant Jamille Dion Pope asks the court to amend his Judgment to reduce his total term of imprisonment from 180 months to time served to be followed by 72 months of supervised release. (*Id.* at 1.) "The Government opposes the amendment to the gun conviction sentence without a full assessment of the merits." (Doc. 44 at 1.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Time Sensitive Motion for an Amended Judgment Pursuant to the First Step Act of 2018, (doc. 41), is **GRANTED**.

In August 2007, Mr. Pope pled guilty to three counts: (1) possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)(1); (2) carrying a firearm during and in relation to a drug-trafficking in violation of 18 U.S.C. § 924(c)(1)(A)(I); and (3) being a felon in possession of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(I). For sentencing purposes, the court determined that Pope was accountable for "marijuana

weighing 20.65 grams, cocaine hydrochloride weighing 2.21 grams, and cocaine base [crack] weighing 7.45 grams." (Doc. 14 at 6; *see also* doc. 19 ¶ 18 [sealed].) Under the law at that time, these amounts of crack, plus an enhancement under 21 U.S.C. § 851, triggered a mandatory minimum sentence of ten years. Pope's resulting adjusted base offense level was 25 and his criminal history category was IV. His imprisonment "range" was 180 months, consisting of 120 month mandatory minimum on the drug count, to which the felon-in-possession count ran concurrently, followed by a 60 month mandatory sentence on the gun charge. He was sentenced to 180 months on February 13, 1008. (Doc. 21.)

On August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. 111-220, went into effect. Section 2 of the Act increased the quantity of cocaine base required to trigger the enhanced penalties of Section 841. Specifically, it raised the (b)(1)(A) threshold from "50 grams" to "280 grams" and the (b)(1)(B) threshold from "5 grams" to "50 grams." Congress did not apply these changes retroactively to defendants sentenced before the Act's passage. Accordingly, Pope could not obtain relief under the Fair Sentencing Act.

On December 21, 2018, the President signed into law the First Step Act of 2018, Pub. L. 115-135. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) then provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 . . . of

the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

According to Pope:

4. Pursuant to the First Step Act of 2018, Mr. Pope is no longer subject to a mandatory minimum term of imprisonment for Count One. *See* 21 U.S.C. § 841(b)(1)(B). Specifically, after the Fair Sentencing Act, no mandatory minimum exists for offenses involving less than 28 grams of crack. *See* 21 U.S.C. § 841(b)(1)(C). And because the offense is not subject to a mandatory minimum, the enhancement pursuant to 21 U.S.C. § 851 has no effect.

5. The statutory range of his term of supervised release on Count One also decreases from 8 years [to] life to 6 years [to] life, and remains not more than 5 years for Count Two and not more than 3 years for Count Three. *See* 21 U.S.C. § 841(b)(1)(C); 21 U.S.C. § 960(b)(3); PSR ¶ 65.

6. And, lastly, today Mr. Pope's U.S. Sentencing Guideline range for Counts One and Three decreases from 84 to 105 months to 46 to 57 months. Pursuant to U.S.S.G. § 3D1.2(b), these counts remain grouped for guideline purposes and the highest offense level is used. (PSR ¶ 17.) While Count One (the drug count) produced the highest offense level at the time of the original sentencing hearing, today Count Three (the felon-in-possession count) produces the higher offense level because the harshness of the sentencing guidelines for crack cocaine has decreased dramatically in recent years. Today, the base offense level for Counts One and Three would be 20 under U.S.S.G. § 2K2.1(a)(4) + 2 for obstruction of justice – 3 for acceptance of responsibility = 19 and criminal history category IV. And to this range, Mr. Pope is still subject to a consecutive 60-month term for Count Two.

7. As of February 5, 2019, Mr. Pope had served 11 years, 9 months, and 18 days (141 months and 18 days) toward his federal sentence. Thus, he has already served more than the combination of the high end of his guideline range and the consecutive 60-month sentence (57 + 60). Additionally, within the plea agreement, the government recommended a sentence at the low end of the guideline range. (Doc. 14 at 10.)

8. In light of the retroactive application of the First Step Act of 2018, the amended guideline range, and the time already incarcerated, Mr. Pope respectfully requests an Amended Judgment reducing his total term of

imprisonment from 180 months to time served, which incorporates a 60-month consecutive sentence as to Count Two, to be followed by 72 months of supervised release. This total term of imprisonment would include the consecutive 60-month sentence on Count Two and thereby reduce the sentences on Count One and Three to the difference between the amount of time Mr. Pope has served and 60 months (Count Two) because Counts One and Three were grouped for guideline purposes and imposed concurrently as one sentence package.

(Doc. 41 ¶¶ 4-8 [footnote omitted].)

For the reasons set forth in Pope's Motion, and without opposition from the United States,[1] the court concludes that Pope is eligible for relief in the form of a reduced sentence pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(B) (allowing the court to modify a sentence "to the extent otherwise expressly permitted by statute"). Mr. Pope has waived his right to be present for resentencing.

Therefore, defendant's Time Sensitive Motion for an Amended Judgment Pursuant to the First Step Act of 2018, (doc. 41), is **GRANTED**. The court in its discretion

---

[1] "The Government opposes the amendment to the gun conviction sentence without a full assessment of the merits . . . ." (Doc. 44 at 1.) However, it does not specifically provide any reason for its opposition and states only that it "opposes the Defendant's request to resentence him on the gun conviction without a full review by the Court of the underlying facts set out in the presentence report, the latest addendum to that report, which should include details of the Defendant's post-conviction disciplinary infractions, and the sentencing factors in 18 U.S.C. § 3553(a)." (*Id*. ¶ 5.) The court notes that it has reviewed and considered all available information prior to granting Pope's Motion. Specifically, the Addendum to the Presentence Report for Amended Judgment/Resentence, filed contemporaneously herewith, notes that Pope has received his GED while incarcerated, completed a non-residential treatment program, is currently participating in the Unicor program and the release preparation program, and has satisfied his special assessment. Although he has incurred a number of disciplinary incidents, he has earned 459 days of good-conduct time. Based on its review of all available information, the court finds no legally sufficient reason to deny Pope's First Step Motion.

**REDUCES** defendant's term of imprisonment to the period of **TIME SERVED PLUS TEN**

**(10) DAYS**. Defendant's term of supervised release shall be **REDUCED** to a period of **SIX**

**(6) YEARS**.  All other terms and conditions of the defendant's Judgment, (doc. 21), shall re

main in full force and effect.

An Amended Judgment will be entered contemporaneously herewith.

**DONE** this 28th day of May, 2019.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE